UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARIUS D. THOMAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:20-cv-01534 |
| COOK COUNTY HOSPITAL AND HEALTH, | ) ) Judge Sara L. Ellis ) ) |
| Defendant. | ) ) |

**PLAINTIFF DARIUS D. THOMAS'
BRIEF IN OPPOSITION TO MOTION TO DISMISS**

Defendant's Motion to Dismiss (the "Motion")[1] makes, at most, three arguments. Each of them is meritless.

First, Defendant argues that Thomas' termination claims should be dismissed because he was required to specifically plead that he informed Defendant that his tardiness was the result of his diabetic condition and failed to do so. The evidence will show that Thomas did exactly that – he informed Defendant that that his occasional tardiness was due to his diabetic condition. But there is no requirement – in the case Defendant cites for this point or otherwise – that Thomas specifically plead this fact. The allegations in the Complaint that Defendant was aware of Thomas' condition and symptoms are more than sufficient to put Defendant on notice of Thomas' claim and state a facially plausible claim.

Second, Defendant appears to suggest that the Seventh Circuit's 1995 decision in *Siefken v. Village of Arlington Heights*, 65 F.3d 664 (7th Cir. 1995), somehow allows employers to avoid

---

[1] The Motion is captioned "Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint," and Defendant claims in the Motion that Thomas filed an amended complaint on March 31, 2021. As Plaintiffs point out in their Motion, Thomas' Complaint was dated and filed March 2, 2020. The only other complaint he filed is the current operative complaint, the Amended Complaint, filed June 28, 2021.

ADA liability for terminating employees with diabetes by simply characterizing their actions as "failing to control" that disease. Defendant grossly misinterprets *Siefken*, which involved extreme facts – a diabetic police officer who was fired after an incident in which he erratically drove his squad car at high speed through residential areas, stopped only when pulled over by other police officers, and remembered nothing of his trip – and a narrow holding. Moreover, even if the Court were to consider Thomas' control of his disease an issue here (it is not), an administrative law judge has already decided that issue in Thomas' favor and found that Thomas' occasional tardiness was "due to circumstances the client did not have the ability to control." Amended Complaint ("Complaint or "Compl.") ¶ 21(e).

Third, Defendant argues that Thomas' failure to accommodate claims must be dismissed because Thomas did not allege that he formally requested an accommodation. No such allegation is necessary where, as here, the employer never disciplined the employee, never gave him advance notice that he was subject to termination, and fired him without warning or notice. An employer cannot escape the reasonable accommodation requirements of the ADA by firing an employee without warning or notice.

Defendant's Motion should be denied.

**RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY**

On or about June 10, 2019, Plaintiff was hired by Defendant to work at Cook County Health's outpatient clinic (the "Clinic") in the job of floor tech. Compl. ¶7. By no later than the time it hired Thomas, Defendant "was aware of Thomas' Type I Diabetes condition and the symptoms associated with that condition." *Id.* ¶11. Those symptoms included the fact that Thomas at times:

> [s]uffered from fatigue and low energy. At times, this caused him to fail to wake up, or wake up more slowly, in the mornings from his sleep or in the afternoons

2

> before his shift when he worked nights. It also caused him to take longer to get where he was going. At other times, his low blood sugar would cause him to have to take breaks at work to increase his blood sugar by eating something sweet, such as a candy bar or glucose tablet or orange juice.

*Id.* ¶12(a). Notwithstanding his condition and symptoms, Thomas was able to perform his duties at the Clinic competently and efficiently. Id. ¶13.

Defendant's policies and procedures included an attendance policy that excluded authorized absences due to illness and that set out an extensive progressive discipline regime that provided for 6 different levels of notice and discipline prior to termination for tardiness or absence from work. *Id.* ¶14. In violation of those policies and procedures, on August 19, 2019, Defendant terminated Plaintiff, without any prior discipline, warning, or notice. *Id.* ¶¶15-16. Defendant's stated reasons for the firing were conflicting and pretextual. One of several different and conflicting reasons cited by Defendant was "repeated tardiness or excessive absenteeism." Because of his diabetes, Thomas was occasionally late for work. But on several of those instances, he arrived within the five-minute grace period after the start of his shift. Thomas was never disciplined in any way for his tardiness. And it was his understanding, based on Defendant's response when he notified them that he would be late, that Defendant was not concerned about his occasional tardiness. *Id.* ¶17.

After his firing, Thomas sought unemployment benefits, and Defendant contested his application, arguing that he was fired for misconduct. *Id.* ¶20. Following an evidentiary hearing in which Defendant fully participated and contested Thomas' claims, the Administrative Law Judge rejected Defendant's argument. In his Decision granting Thomas benefits, the ALJ made several findings in support of the ruling that Thomas had not committed misconduct, including that Thomas had informed Defendant of his health condition prior to being hired; Thomas was tardy on several dates during his final month of employment due to being diabetic and having bad

3

symptoms which caused him to oversleep and drag; those attendance infractions were due to circumstances Thomas did not have the ability to control; and Thomas had not been warned that his job was in jeopardy due to attendance issues. *Id.* ¶21.

On or about November 27, 2019, Plaintiff filed a charge of discrimination against Defendant with the EEOC. On March 2, 2020, Thomas filed this action. His current three-count Amended Complaint states claims against Defendant under the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act (the "Rehabilitation Act") for terminating Thomas on the basis of his disability and for failing to accommodate his disability.

## **DISCUSSION**

Defendant moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Thomas' Complaint.

I. <u>Legal Standard</u>.

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is [*2] plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

4

> II. Thomas has stated a claim that his termination
> <u>violated the ADA and Rehabilitation Act</u>.

To state a claim that his termination violated the ADA and the Rehabilitation Act, Thomas need only allege that "(1) he is disabled within the meaning of the ADA, (2) he is a qualified individual under the ADA, and (3) he was terminated as a result of the discrimination." *Bunch v. Cnty. of Lake*, No. 15 C 6603, 2016 U.S. Dist. LEXIS 32761, at *10 (N.D. Ill. Mar. 14, 2016). Defendant does not dispute that Thomas has satisfied the first two requirements, and its motion to dismiss attacks only the third requirement – that Thomas allege he was terminated on the basis of his disability. Defendant argues that Thomas' Complaint must be dismissed because he did not "plead that he informed Defendant that his tardiness was due to his alleged disability." Motion at 3. Defendant's argument appears to be that if Thomas did not inform Defendant that his tardiness was due to his alleged disability, Defendant *could not* have fired him on the basis of his disability.

There are at least three fatal flaws in this argument. **First**, Thomas did allege that Defendant was aware of his disability and its symptoms, *see, e.g.*, Compl. ¶11, and that those symptoms included, among other things, that Thomas "suffered from fatigue and low energy," and that at times this "caused him to fail to wake up, or wake up more slowly, in the mornings from his sleep or in the afternoons before his shift when he worked nights," *Id.* ¶12(a). If Defendant *was aware of* Thomas' disability and its symptoms, it clearly could have terminated Thomas based on that disability, regardless of what Thomas told Defendant. Thomas' allegations provide Defendant with fair notice, and the claim he has asserted is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Contrary to Defendant's Motion at 3, permitting Thomas' claim in no way "forc[es] [Defendant] to scour an employee's medical documentation if they wish to discipline or fire an employee."

**Second**, Defendant offers no authority for the proposition that Thomas was required to go beyond awareness and specifically allege that he informed Defendant his disability was the reason for his tardiness. And there is no such authority. The evidence in this case will show that Thomas informed Defendant that his disability was the reason for his occasional tardiness. But there is nothing in the ADA, the Rehabilitation Act, or Rule 8 of the Federal Rules of Civil Procedure that requires him to specifically plead that fact.

**Finally**, the only case Defendant cites in support – a 26-year-old case, *Siefken v. Village of Arlington Heights*, 65 F.3d 664 (7th Cir. 1995) – imposes no such requirement. In *Siefken*, the Seventh Circuit affirmed dismissal of an ADA claim by a police officer who had been fired because he "present[ed] a significant potential for harm to others in the workplace" and thus "cannot state a cause of action under the ADA and the Rehabilitation Act." 65 F.3d at 667 n.4. As the Court explained,

> James Siefken, then a probationary police officer with the Village of Arlington Heights, experienced a diabetic reaction which resulted in disorientation and memory loss. Unfortunately, this occurred while Siefken was on duty; worse yet, he had just entered his squad car. Siefken erratically drove his squad car at high speed through residential areas some forty miles outside his jurisdiction. He stopped only when pulled over by police officers from St. Charles and Batavia. He remembers nothing of his trip. That day, he was put on administrative leave, and a week later the Village fired him.

*Siefken*, 65 F.3d at 665.

The Seventh Circuit's decision in *Siefken* had nothing to do with a failure to plead that the employee informed his employer of the connection between his disability and work transgressions. Siefken could not have saved his claim by adding an allegation that he informed his employer that his erratic driving trip was the result of a diabetic reaction; his employer *knew* that his erratic driving trip was the result of a diabetic reaction. Siefken's claim was dismissed because the facts before the Court on the motion to dismiss showed that he did not "perform the duties of a patrol

6

officer," and he failed to "meet [his] employer's legitimate job expectations." *Id.* at 666-67. *Siefken* simply held that an employer doesn't violate the ADA by firing an officer who experiences blackouts while driving and does not seek or suggest any accommodation that would permit him to do his job safely. *Id.*

Defendant suggests that Thomas' claim, like Siefken's, should be dismissed because he "failed to control his diabetic condition." Motion at 4. There is nothing in the *Siefken* decision to suggest that employers can avoid ADA liability to diabetic employees by simply claiming they failed to control their condition. Nor is there any allegation here that Thomas failed to control his diabetes. *Siefken* was a case involving extreme facts and a narrow holding, and it has no application here. Attempting to compare Thomas' occasional tardiness to the incident that triggered Siefken's dismissal, as Defendant does in its Motion, is disingenuous, at best. And even if the Court were to go down that road (it should not), the question of whether this case involves a failure by Thomas to control his condition has already been decided – in Thomas' favor. The Administrative Law Judge in Thomas' unemployment hearing, following an evidentiary hearing in which Defendant fully participated, already concluded that Thomas' attendance infractions "were due to circumstances the clamant did not have the ability to control." Compl. ¶ 21e.

    III.    Thomas has stated claims under the ADA
             and Rehabilitation Act for failure to accommodate.

Defendant argues that Thomas' reasonable accommodation claims fail because Thomas did not request an accommodation or inform Defendant that his tardiness was due to a disability, and "Defendant cannot accommodate or offer to accommodate something that it did not know was the result of a disability." Motion at 5. For the reasons discussed above, Defendant's argument regarding failure to inform should be rejected. Defendant's arguments about requesting an accommodation should be rejected as well. Thomas had no reason to believe Defendant was

7

concerned about his tardiness, and Defendant essentially permitted him to be occasionally tardy. He was never disciplined in any way for his tardiness, and he received no advance notice that he was being terminated or subject to termination. Compl. ¶ 15-17. An employer cannot escape the reasonable accommodation requirements of the ADA by firing their employees without warning or notice.

## **CONCLUSION**

For the reasons stated herein, Defendant's Motion to Dismiss should be denied.

Dated: November 24, 2021    Respectfully submitted,

Plaintiff Darius D. Thomas

By: /s/ Thomas M. Staunton
 His Attorney

Thomas M. Staunton (ARDC #6217164)
Miller Shakman Levine & Feldman LLP
180 N. LaSalle Street, Suite 3600
Chicago, IL 60601
(312) 263-3700
tstaunton@millershakman.com